UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

G.W. PALMER & CO., INC.,

    Plaintiff,

v.                      Case No: 2:17-cv-657-FtM-29MRM

FLORIDA FRESH PRODUCE CORP., MARIA ELUDIS RODRIGUEZ, JOSE LUIS RODRIGUEZ, SERAFIN RODRIGUEZ, S&A ENTERPRISES OF IMMOKALEE LLC, IMMOKALEE PRODUCE CENTER, LLC, and IMMOKALEE PRODUCE CENTER HOLDINGS, LLC,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Ex-Parte Temporary Restraining Order (Doc. #10) and supporting memorandum (Doc. #11), both filed on December 5, 2017. For the reasons set forth below, the Court denies Plaintiff's Motion.

**I.**

On December 1, 2017, G.W. Palmer & Co., Inc. (Plaintiff) filed a seven-count complaint (Doc. #1) against Florida Fresh Produce Corp. (Florida Fresh) and a number of other defendants alleging a violation of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499 et seq., as well as claims for breach of contract, breach of fiduciary duty, fraudulent transfer, conversion, and constructive trust. Each claim arises out of Florida Fresh's failure to pay for the $341,324.25 worth of produce it purchased

from Plaintiff between October 3, 2017 and November 7, 2017. (Doc. #1, ¶ 10.)

Plaintiff now requests an ex parte temporary restraining order (TRO) against Florida Fresh, defendant Maria Eludis Rodriguez – Florida Fresh's sole officer (id. ¶ 4), and her son, defendant Jose Luis Rodriguez.[1]  Specifically, Plaintiff asks the Court to issue an order "enforcing the statutory trust created by [PACA]," without first providing notice of the same to Defendants. (Doc. #10, p. 3.)  Such an order would essentially prohibit Defendants from moving any assets associated with the $341,324.25 worth of produce received from Plaintiff.

## II.

By way of background, transactions involving "perishable agricultural commodities," like produce, often involve at least three parties: the seller, the middle-man buyer (the dealer), and the end purchaser (the consumer).  In 1984, Congress - concerned over "the practice by which produce dealers granted their lenders security interests in the produce on which they had accepted delivery [but for which they had] not yet paid" - amended PACA to include a provision creating "a nonsegregated statutory trust . . . . [that] automatically arises in favor of a produce seller upon delivery of produce." Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d

---

[1] Plaintiff has also filed a separate Motion for Preliminary Injunction (Doc. #12), which relies on the same supporting memorandum of law (Doc. #11) as the Motion for TRO.

154, 156 (11th Cir. 1990) (citing 7 U.S.C. § 499e(c)(2)). Pursuant to the "terms" of this trust, "a produce dealer holds its produce-related assets as a fiduciary until full payment is made to the produce seller." Id. As a result, not only is a produce seller protected in the instance of nonpayment, the seller is "placed first in line among creditors for all produce-related assets if the produce dealer declares bankruptcy."[2] Id.

Where nonpayment has occurred, the seller may file a civil action, including an injunctive action, in an appropriate district court. Id. at 158 (holding that under Section 499e(c)(4), a "district court has jurisdiction to entertain injunctive actions by private parties"). To obtain injunctive relief, the litigant must meet the "normal standards for such relief." JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 78 (2d Cir. 1990). Specifically, the litigant bears the heavy burden of establishing that: (1) it is substantially likely to succeed on the merits of its underlying claims; (2) it will suffer imminent, irreparable injury without injunctive relief; (3) such injury outweighs the harm an injunction poses to the opposing party; and (4) injunctive relief will serve the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

---

[2] To maintain the benefits of the trust, however, the seller must also "file[] written notice of its intent to preserve its rights with the United States Department of Agriculture and the produce dealer" in accordance with the timeline set forth in 7 U.S.C. § 499e(c)(3). Frio Ice, 918 F.2d at 156.

Temporary injunctive relief may be granted <u>ex</u> <u>parte</u> – that is, without notice to the opposing party or its legal counsel. To obtain such relief, however, the movant must make a "clear[] show[ing] that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Under the Local Rules of this District, an <u>ex</u> <u>parte</u> order "will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." M.D. Fla. R. 4.05(a). To constitute a true "emergency," the injury alleged must be "so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." <u>Id.</u> 4.05(b)(2).

### III.

Plaintiff avers that Florida Fresh "appears to have failed to maintain sufficient PACA trust assets to pay [Plaintiff], and is likely unlawfully dissipating PACA trust assets by transferring those assets from Florida Fresh Produce to Ms. Rodriguez, to her son, and the other businesses that they are affiliated with." (Doc. #11, p. 8.)[3] Plaintiff argues that such asset dissipation is a clear violation of PACA and constitutes irreparable harm,

---

[3] The Affidavit of Alston J. Palmer (the Palmer Affidavit), Owner and President of G.W. Palmer & Co., Inc., reiterates these allegations. (Doc. #10-2, p. 7.)

entitling Plaintiff "to an immediate injunction to prevent such dissipation." (Id. p. 9.) Moreover, Plaintiff believes this injunctive relief should be granted ex parte, since providing Defendants notice and the chance to respond "will afford them the opportunity to further dissipate PACA trust assets pending a hearing." (Id. p. 10.) Finally, Plaintiff contends that "it is commonplace within this District for Ex-Parte Temporary Restraining Orders to be issued without notice to enjoin the dissipation of PACA trust assets." (Id. p. 6.)

The Court agrees that dissipation of trust assets constitutes irreparable harm justifying injunctive relief – in some circumstances, on an ex parte basis. See Frio Ice, 918 F.2d at 159 ("[O]nce the trust is dissipated it is almost impossible for a beneficiary to obtain recover."). But there is one glaring problem: Plaintiff has presented no evidence of asset dissipation, apart from the mere fact of nonpayment. In fact, the limited evidentiary record before the Court (consisting of text messages exchanged between President Palmer and Defendant Jose Rodriguez and referenced in the Palmer Affidavit (Doc. #10-6)) tends to show that Florida Fresh is awaiting payment from its own customers and dealing with the recent surgery and hospitalization of Jose Rodriguez, not funneling assets to the Rodriguezes and their other corporate entities.

The Eleventh Circuit has made clear that although injunctive relief in PACA cases can be warranted, it is appropriately granted

only where the trust beneficiary (the unpaid seller) demonstrates "the actual dissipation or the threat of dissipation of the PACA trust." Frio Ice, 918 F.2d at 159 & n.8. Plaintiff has not made that showing here, and thus no injunctive relief is proper at this time - let alone on an ex parte basis.[4] See e.g., All Am. Farms, Inc. v. Lanes Consulting Firm, LLC, No. 14-80730-CIV, 2014 WL 11512218, at *2 (S.D. Fla. June 3, 2014) (noting that "without specific evidence of an imminent threat to the trust assets, the Court cannot find that [plaintiff] will sustain immediate and irreparable harm before a preliminary-injunction hearing can be held" and thus denying plaintiff's ex parte motion for TRO); Dimare Ruskin, Inc. v. Del Campo Fresh, Inc., No. 810-cv-1332-T-23AEP, 2010 WL 2465158, at *2 (M.D. Fla. June 15, 2010) (holding that "plaintiffs' conclusory allegation that the defendants [would] further dissipate the trust assets fail[ed] to justify enjoining the defendants before the benefit of a hearing" on plaintiffs' PACA claims); see also Tropical Fruit Trading, Inc. v. AgroFarms, LLC, No. 16-CV-21735, 2016 WL 4376747, at *3 (S.D. Fla. Aug. 17, 2016) ("In the PACA context, a plaintiff's failure to submit any evidence of irreparable harm other than a defendant's nonpayment

---

[4] On November 21, 2017, President Palmer informed Jose Rodriguez that he was "getting prepared to involve [his] attorney and the authorities." (Doc. #10-6, p. 8.) As such, the Court highly doubts that mere notice of Plaintiff's request for injunctive relief will be the match that ignites Defendants' dissipative efforts, as Plaintiff contends.

can be sufficient grounds on its own to deny a preliminary injunction.").

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Ex-Parte Temporary Restraining Order (Doc. #10) is **DENIED.**

2. The Court will take Plaintiff's Motion for Preliminary Injunction (Doc. #12) under advisement until Defendants have been served.

3. Plaintiff shall **immediately** serve this Opinion and Order, as well as the Complaint (Doc. #1), the Motion for Ex-Parte Temporary Restraining Order (Doc. #10) and supporting memorandum (Doc. #11), the Motion for Preliminary Injunction (Doc. #12), and all exhibits on Defendants <u>and</u> on any known counsel for Defendants.

4. Defendants have fourteen (14) days from the date on which they are served to file a response to the Motion for Preliminary Injunction (Doc. #12). If necessary, a hearing on the Motion will be scheduled by separate order.

5. The Clerk is directed to **UNSEAL** Plaintiff's Motion for Ex-Parte Temporary Restraining Order (Doc. #10) and its exhibits.

**DONE and ORDERED** at Fort Myers, Florida, this 6th day of December, 2017.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties and Counsel of Record