UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

G.W. PALMER & CO., INC.,

    Plaintiff,

v.                                  Case No: 2:17-cv-657-FtM-29MRM

FLORIDA FRESH PRODUCE CORP.,
MARIA ELUDIS RODRIGUEZ, JOSE
LUIS RODRIGUEZ, SERAFIN
RODRIGUEZ, S&A ENTERPRISES
OF IMMOKALEE LLC, IMMOKALEE
PRODUCE CENTER, LLC, and
IMMOKALEE PRODUCE CENTER
HOLDINGS, LLC,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. #12) and supporting memorandum (Doc. #11), both filed on December 5, 2017, and Plaintiff's Notice of Expiration of Deadline for Defendants to Respond to Motion for Preliminary Injunction (Doc. #30) filed on January 3, 2018. For the reasons set forth below, the Court grants Plaintiff's Motion.

**I.**

On December 1, 2017, G.W. Palmer & Co., Inc. (Plaintiff) filed a seven-count complaint (Doc. #1) against Florida Fresh Produce Corp. (Florida Fresh) and a number of other defendants alleging a violation of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499 et seq., as well as claims for breach of contract,

breach of fiduciary duty, fraudulent transfer, conversion, and constructive trust. Each claim arises out of Florida Fresh's failure to pay for the $341,324.25 worth of produce it purchased from Plaintiff between October 3, 2017 and November 7, 2017. (Doc. #1, ¶ 10.)

On December 5, 2017, Plaintiff filed a Motion for Ex-Parte Temporary Restraining Order (Motion for TRO) (Doc. #10), which asked the Court to issue an order "enforcing the statutory trust created by [PACA]" against Florida Fresh, defendant Maria Eludis Rodriguez – Florida Fresh's sole officer, and her son, defendant Jose Luis Rodriguez, so as to prohibit them from moving any assets associated with the PACA Trust. As grounds for injunctive relief, Plaintiff claimed that Defendants' nonpayment demonstrated that Florida Fresh was "likely unlawfully dissipating PACA trust assets by transferring those assets from Florida Fresh Produce to Ms. Rodriguez, to her son, and the other businesses that they are affiliated with."[1] (Doc. #11, p. 8.) Such asset dissipation, Plaintiff argued, was a clear violation of PACA and established irreparable harm, entitling Plaintiff "to an immediate injunction to prevent such dissipation." (Id. p. 9.) Plaintiff sought temporary injunctive relief ex parte, believing that providing

---

[1] Plaintiff filed the Affidavit (the Palmer Affidavit) of Alston J. Palmer (President Palmer), Owner and President of Plaintiff G.W. Palmer & Co., Inc., with the Motion for TRO, which Affidavit reiterated these allegations. (Doc. #10-2, p. 7.)

Defendants notice and the chance to respond would "afford them the opportunity to further dissipate PACA trust assets pending a hearing." (Id. p. 10.)

On December 6, 2017, the Court entered an Order (Doc. #15) denying Plaintiff's Motion for TRO and taking under advisement the Motion for Preliminary Injunction.[2] While the Court agreed with Plaintiff that "dissipation of trust assets constitutes irreparable harm justifying injunctive relief," Plaintiff had presented the Court with "no evidence of asset dissipation, apart from the mere fact of nonpayment." (Id. p. 5.) To the contrary, the limited record before the Court indicated that Florida Fresh was awaiting payment from its own customers and dealing with the recent surgery and hospitalization of Jose Rodriguez. (Id.) Moreover, the Court failed to see how ex parte relief was necessary, since President Palmer had already informed Jose Rodriguez that he was "getting prepared to involve [his] attorney and the authorities." (Id. p. 6 n.4 (quoting Doc. #10-6, p. 8).)

The Court instructed Plaintiff to immediately serve Defendants (and any known counsel for Defendants) with all documents and gave Defendants fourteen (14) days from the date of service to respond to the Motion for Preliminary Injunction. On

---

[2] The Court's Order contains a brief overview of PACA's history and purpose and discusses the standard for obtaining injunctive relief for PACA violations. (Doc. #15, pp. 2-3.)

January 3, 2018, Plaintiff filed a Notice informing the Court that five of the seven defendants (Florida Fresh, Jose Rodriguez, Serafin (or Seraphin) Rodriguez,[3] Maria Rodriguez, and S&A Enterprises of Immokalee, LLC) had not timely responded to the Motion for Preliminary Injunction.[4] (Doc. #30, p. 1.) Plaintiff now requests "[i]mmediate entry of a Preliminary Injunction Order restraining the transfer of any and all PACA trust assets held [sic] Florida Fresh Produce, Corp. pending the final outcome of this action."[5] (Id p. 4.)

**II.**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In determining whether Plaintiff is entitled to that "extraordinary remedy" here, the key question is whether the Court now possesses what was previously missing: evidence of asset dissipation. The Court finds that it does. Shortly after

---

[3] According to the Complaint, Seraphin (or Serafin) Rodriguez is "the husband of Maria Rodriguez and the father of Jose Rodriguez." (Doc. #1, ¶ 4(d).)

[4] Counsel for the remaining two defendants (Immokalee Produce Center, LLC and Immokalee Produce Center Holdings, LLC) apparently told Plaintiff's counsel that his clients do not object to the injunctive relief sought. (Doc. #30, p. 1.) No defense counsel has formally entered an appearance in this case.

[5] No defendant has yet filed an answer to the Complaint. Plaintiff has moved for entry of clerk's default against those defendants whose window to timely respond has passed. (Docs. ## 28, 29.)

the Court entered its Order denying the Motion for TRO on December 6, 2017, Plaintiff filed the Affidavit of Landon Gaw (the Gaw Affidavit) (Doc. #16), one of Plaintiff's salesmen, who claimed that "no one has been seen at Defendant Florida Fresh's location" and that, the previous weekend, defendant Seraphim Rodriguez had been "removed by law enforcement from the Immokalee Produce Center." (Id. ¶ 9.) More significantly, President Palmer has submitted a Supplemental Affidavit (Doc. #30-2) with the Notice which avers, among other things, that the Rodriguezes are believed to have recently purchased real property in LaBelle, Florida (id. ¶ 19), and to have misappropriated certain corporate assets for personal use and financial gain, including a GMC truck (which Seraphim Rodriguez has been seen driving around town) and various produce-related equipment and materials. (Id. ¶¶ 16-18.) Additionally, Jose Rodriguez has stopped responding to President Palmer's text messages altogether. (Id. ¶ 6.)

These sworn allegations permit the Court to conclude that there is an imminent dissipation threat to the PACA Trust. Preliminary injunctive relief is, therefore, warranted. See Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154, 160 (11th Cir. 1990) (holding that where a court determines that a PACA trust is being dissipated or threatened with dissipation, the court must order the defendant "to escrow its proceeds from produce sales, identify its receivables, and inventory its assets," which "assets should

then be segregated into a court-supervised trust account on a pro rata basis to all unpaid sellers having bona fide claims").

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Preliminary Injunction (Doc. #12) is **GRANTED**.

2. Defendant Florida Fresh Produce Corp., its respective officers, agents, employees, and servants (including Maria Eludis Rodriguez, Serafin (or Seraphin) Rodriguez, and Jose Luis Rodriguez) subsidiaries, related companies, agents, attorneys, assigns, and all other persons acting in concert or participation with Defendant Florida Fresh Produce Corp., who receive notice of this Preliminary Injunction by actual service or otherwise, shall not use, alienate, dissipate, pay over, withdraw, sell, or assign the Assets of the PACA Trust to any creditor, person, or entity or otherwise dispose of these trust assets without order of this Court. "The Assets of the PACA Trust" are defined as, and shall include, <u>all</u> proceeds and receivables from the sale of such produce, and <u>all</u> assets paid for in whole or in part by proceeds derived directly or indirectly from the sale of such produce.

3. Until further order from this Court, Florida Fresh Produce Corp. shall have an affirmative obligation to maintain all documents related to <u>all</u> sales of produce and <u>all</u> payments received.

4. Florida Fresh is directed to escrow <u>all</u> proceeds from its produce sales, identify its receivables, and inventory its assets. Any proceeds of receivables shall be held in Court-supervised trust pending further Order of this Court.

5. Within seven (7) days of receipt of this Order, Florida Fresh Produce Corp. shall serve a copy of the same upon all financial institutions and third parties that may be holding assets of the PACA Trust and file certificates of service with this Court.

6. This Order continues in full force and effect, except upon further Order of this Court.

7. This Court shall retain jurisdiction of this action to ensure complete compliance with the terms of this Order.

8. Plaintiff is not required to post a bond.

**DONE and ORDERED** at Fort Myers, Florida, this 5th day of January, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record