UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

G.W. PALMER & CO., INC.,

    Plaintiff,

v.                                                                                  Case No:   2:17-cv-657-FtM-29MRM

FLORIDA FRESH PRODUCE CORP.,
MARIA ELUDIS RODRIGUEZ, JOSE
LUIS RODRIGUEZ, SERAFIN
RODRIGUEZ, S&A ENTERPRISES OF
IMMOKALEE LLC, IMMOKALEE
PRODUCE CENTER, LLC, IMMOKALEE
PRODUCE CENTER HOLDINGS, LLC,
YOJAIRA RODRIGUEZ and GABRIEL
ALMONTE,

    Defendants.
_____/

### ORDER

This cause is before the Court following entry of the Undersigned's July 26, 2018 Order to Show Cause (Doc. 62).  Defendants failed to timely respond to the July 26, 2018 Order, as required.  Accordingly, and for the reasons set forth below, the Undersigned recommends that the Clerk of Court be directed to enter clerk's defaults against Defendants Florida Fresh Produce, Corp., Maria Eludis Rodriguez, and Serafin Rodriguez for:  (1) as to each Defendant, failure to respond to the Court's Orders dated June 19, 2018 (Doc. 57) and July 26, 2018 (Doc. 62), (2) as to the entity Defendant, failure to secure counsel, and (3) as to the individual Defendants, failure to secure counsel or to advise of their intent to proceed *pro se.*

By way of procedural background, the Court entered an Order on June 19, 2018 permitting counsel for Defendants Florida Fresh Produce, Corp., Maria Eludis Rodriguez, and Serafin Rodriguez to withdraw.  (Doc. 57).  In that Order, the Court required individual

Defendants Maria Eludis Rodriguez and Serafin Rodriguez within thirty (30) days to file a notice indicating that they intended to proceed *pro se* or to have new counsel file a notice of appearance on their behalf. (Doc. 57 at 2 ¶ 3). The Order warned the individual Defendants that if they failed to comply, the Undersigned would recommend that defaults be entered against them. (*Id.*).

The June 19 Order also required Defendant Florida Fresh Produce, Corp. to retain counsel to represent it and to have counsel file a notice of appearance on its behalf within thirty (30) days. (*Id.* at ¶ 4). The Court specifically explained that pursuant to 28 U.S.C. § 1654, a party may appear and conduct their own cases personally, but a lay person is not permitted to represent any other person or entity. (Doc. 57 at 1-2 (citing *U.S. ex rel. Stronstorff v. Blake Med. Ctr.*, No. 8:01-CV-844-T23MSS, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003)). The Court further explained that non-natural persons or artificial entities such as corporations, partnerships, and associations may appear in federal court only through licensed counsel. (*Id.* (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); M.D. Fla. R. 2.03(e))). Thus, the Order required Florida Fresh Produce, Corp. to secure counsel to represent it. (*Id.* at 2 ¶ 4). The Order warned Florida Fresh Produce, Corp. that if it failed to comply with the Order, the Undersigned would recommend that a default be entered against it. (*Id.*).

Defendants Florida Fresh Produce, Corp., Maria Eludis Rodriguez, and Serafin Rodriguez failed to respond timely to the Court's June 19 Order. On July 26, 2018, therefore, the Court entered an Order to Show Cause giving these Defendants an additional twenty-one (21) days in which to show good cause why defaults should not be entered against them for failing to comply with the June 19 Order. (Doc. 62 at 2 ¶ 1). The Court again ordered Florida Fresh Produce, Corp. to retain counsel and have counsel file a notice of appearance. (*Id.* at ¶ 2). Also, the Court again ordered Maria Eludis Rodriguez and Serafin Rodriguez either to retain counsel

and have counsel file a notice of appearance or to file a notice with the Court advising that they wish to proceed in this action without the benefit of counsel. (*Id.* at ¶ 3). Importantly, the Court again warned these Defendants that if they failed to comply with the July 26 Order to Show Cause, the Undersigned would recommend that defaults be entered against them. (*Id.* at ¶ 4).

The docket reflects that none of these Defendants have responded to the Undersigned's June 19 or July 26 Orders, nor have they retained counsel to represent them. Moreover, the individual Defendants have not notified the Court that they intend to proceed *pro se* or without the benefit of counsel. Additionally, Plaintiff has filed at least two discovery-related motions, to which these Defendants have failed to respond in any fashion. (*See* Doc. 60, 61). As an entity, Defendant Florida Fresh Produce, Corp. must be represented by counsel in this action. *See* M.D. Fla. R. 2.03(e). The individual Defendants must also advise the Court whether they intend to proceed *pro se* in this action and, if so, timely respond to court orders requiring them to act and timely respond to motions filed by Plaintiff. These Defendants have failed to take any of these necessary steps since the Court permitted their prior counsel to withdraw on June 19, 2018. Thus, the Court recommends entry of clerk's defaults against Defendants Florida Fresh Produce, Corp., Maria Eludis Rodriguez, and Serafin Rodriguez for their failure to comply with the Court's June 19 Order (Doc. 57), their failure to comply with the Court's July 26 Order to Show Cause (Doc. 62), and Florida Fresh Produce, Corp.'s failure to comply with M.D. Fla. R. 2.03(e).

**IT IS RESPECTFULLY RECOMMENDED**:

1) The Clerk of Court be directed to enter clerk's defaults against Defendants Florida Fresh Produce, Corp., Maria Eludis Rodriguez, and Serafin Rodriguez;

2) Plaintiff be required to file a separate Motion for Default Judgment against Defendants Florida Fresh Produce, Corp., Maria Eludis Rodriguez, and Serafin Rodriguez.

Respectfully recommended in Chambers in Ft. Myers, Florida on August 27, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties