UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

G.W. PALMER & CO., INC.,

    Plaintiff,

v.                               Case No: 2:17-cv-657-FtM-29MRM

FLORIDA FRESH PRODUCE CORP., MARIA ELUDIS RODRIGUEZ, JOSE LUIS RODRIGUEZ, SERAFIN RODRIGUEZ, S&A ENTERPRISES OF IMMOKALEE LLC, IMMOKALEE PRODUCE CENTER, LLC, IMMOKALEE PRODUCE CENTER HOLDINGS, LLC, YOJAIRA RODRIGUEZ, and GABRIEL ALMONTE,

    Defendants.

_____

## **OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Default Judgment (Doc. #75) filed on October 3, 2018. No responses have been filed, and all parties in this case are now in default. The Court issued an Opinion and Order (Doc. #31) granting a preliminary injunction and directing that "Florida Fresh Produce Corp. shall have an affirmative obligation to maintain all documents related to all sales of produce and all payments received." (Doc. #31, p. 6.) Florida Fresh was directed to escrow all proceeds, and the Order remains in full force and effect.

**A. Prerequisites**

A Clerk's Entry of Default (Doc. #39) was issued as to Jose Luis Rodriguez and S&A Enterprises of Immokalee, LLC before plaintiff filed an Amended Complaint (Doc. #48)[1] on April 17, 2018. A Clerk's Entry of Default (Doc. #59) was entered as to Gabriel Almonte on June 19, 2018. On September 12, 2018, the Court issued an Opinion and Order (Doc. #68) directing the Clerk to enter a Clerk's default against defendants Florida Fresh Produce, Corp., Maria Eludis Rodriguez, and Serafin Rodriguez. The Entry of Default (Doc. #69) was issued on the same day. On October 30, 2018, an Entry of Default (Doc. #78) was entered as to defendants Immokalee Produce Center, LLC and Immokalee Produce Center Holdings, LLC. On November 1, 2018, an Entry of Default (Doc. #84) was issued as to Yojaira Rodriguez. Plaintiff has obtained a default as to all defendants, and is therefore entitled to seek a default judgment. Fed. R. Civ. P. 55(a).

**B. Applicable Law**

When a defendant defaults, he, she, or it is "deemed to admit the plaintiff's well-pleaded allegations of fact, [but] is not held to admit facts that are not well-pleaded or to admit conclusions of law." Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1245 (11th Cir. 2015). To warrant a default judgment,

---

[1] The Complaint (Doc. #1) was amended to add two additional parties, and not as to the substantive allegations. (Doc. #47.)

the facts alleged in the pleadings must provide a sufficient basis for judgment.  Id. (quoting Nishimatsu Const. Co., Ltd. V. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).  The sufficiency standard is that "necessary to survive a motion to dismiss for failure to state a claim."  Surtain, 789 F.3d at 1245 (citations omitted).

**C. Amended Complaint**

Plaintiff asserts jurisdiction under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499, et seq., and supplemental jurisdiction over various state claims.  Plaintiff sells wholesale quantities of perishable agricultural commodities in interstate commerce.  Defendant Florida Fresh Produce, Corp. (Florida Fresh) is a dealer and commission merchant, and defendant Maria Eludis Rodriguez was its sole officer in control of the PACA trust assets.  Defendant Jose Luis Rodriguez is Maria and defendant Serafin Rodriguez's son and also controlled the PACA trust assets. Defendant S&A Enterprises of Immokalee, LLC's (S&A Enterprises) sole members and managers were Maria and Serafin Rodriguez.  Defendant Immokalee Produce Center, LLC's (Immokalee Produce) sole member is Immokalee Produce Center Holdings, LLC, (Immokalee Holdings), and S&A Enterprises is the sole member of

Immokalee Holdings. Defendants Yojaira Rodriguez and Gabriel Almonte are individuals added in the Amended Complaint.

Between October 3 and November 7, 2017, plaintiff sold $341,324.25 in produce to Florida Fresh, which was accepted by Florida Fresh. Once the produce is received, plaintiff becomes the beneficiary of the PACA trust consisting of the produce, all assets derived from the sale of the produce, accounts receivable and assets commingled with, purchased with, or otherwise acquired from proceeds from the sale of produce. Plaintiff delivered invoices containing language entitled it to attorney's fees and costs. Under PACA, Florida Fresh is required to tender full payment to its unpaid suppliers.

Count One alleges a violation of PACA against Florida Fresh for failure to maintain the PACA trust, and the failure to pay PACA trust assets in the amount of $341,324.25, plus prejudgment interest, costs and attorney's fees. Count Two alleges a breach of contract for the failure to pay for produce that was accepted and resulting in damages in the amount of $341,324.25.

Count Three alleges a breach of fiduciary duty against Maria and Jose Rodriguez for the same amount, and for the failure to maintain and preserve sufficient PACA trust assets. Count Four alleges conversion and unlawful retention of PACA trust assets against defendants Maria, Jose, and Serafin Rodriguez, S&A Enterprises, Yojaira Rodriguez, and Gabriel Almonte based on the

transfer of trust assets by Florida Fresh to defendants, which plaintiff seeks to disgorge. Count Five seeks damages for the fraudulent transfer in violation of Florida's Uniform Fraudulent Transfer Act by Florida Fresh to defendants Maria, Jose, Serafin, and Yojaira Rodriguez, Gabriel Almonte, S&A Enterprises, Immokalee Produce, and Immokalee Holdings. Count Six seeks to establish a constructive trust on real property located at 1819 Tomaso Avenue, Lehigh Acres, Florida because trust assets were used to maintain and improve the property owned by Serafin and Maria Rodriguez. Count Seven alleges a fraudulent transfer against Maria, Jose, and Serafin Rodriguez because Maria and Serafin Rodriguez owned the Tomaso property as constructive trustees of plaintiff. Defendants used PACA trust assets received from Florida Fresh to make payments for the Tomaso property resulting in the property becoming a PACA trust asset.

After suit was filed, Florida Fresh paid plaintiff $15,000, thereby reducing the unpaid principal claim to $326,324.25. (Doc. #75, ¶ 2.)

**D. Motion for Default Judgment**

Plaintiff seeks a default judgment on Counts I through IV, and on Count VI against all defendants. As Counts V and VII under the Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101, et seq. are not being pursued, the counts will be dismissed without prejudice. Attached to the motion are the Declarations of Alston

Palmer (Doc. #75-2), President of plaintiff company, and Katy Koestner Esquivel (Doc. #75-4), as well as the Affidavit of Bank of America Bank Officer and/or Custodian of Records (Doc. #75-9) regarding attached bank statements showing withdrawals of trust assets. See Doc. #75-6. Also provided as evidence are summaries of transfers made to other defendants, and a summary of payments related to the individual defendants' residential property. (Doc. #75-7,#75-8, #75-10 to #75-13, #75-21.) Plaintiff also references the previously filed Affidavit of Alston J. Palmer in Support of Motions for Temporary Restraining Order and for Preliminary Injunction (Doc. #30-2).

**Counts I and II (Florida Fresh)**

Plaintiff is a dealer of perishable agricultural commodities, and operates its business under a valid PACA license issued by the United States Department of Agriculture. (Doc. #75-2, ¶ 9.) Between October 3 and November 7, 2017, plaintiff and Florida Fresh entered into contracts for the sale of produce to Florida Fresh for payment in the amount of $326,324.25. (Id., ¶ 10.) Florida Fresh accepted the produce, and plaintiff issued invoices for payment with a notice of intent to preserve trust benefits to Florida Fresh on the face of the invoices. (Id., ¶¶ 11-13.) Florida Fresh failed to pay despite repeated demands, and the invoices provide for recovery of reasonable attorney fees, prejudgment interest at the rate of 18% per annum. (Id., ¶¶ 14-

15.) The invoices are attached as an exhibit to the Declaration of Alston Palmer. (Doc. #75-3.)

Under PACA,

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. § 499e(c)(2). "[A] licensee may use ordinary and usual billing or invoice statements to provide notice of the licensee's intent to preserve the trust." 7 U.S.C. § 499e(c)(4).

In this case, the well-pled facts in the Complaint and the Declaration of Alston Palmer establish that plaintiff provided perishable agricultural commodities, i.e. fresh produce, to Florida Fresh, and also provided PACA notice on each of the invoices. Florida Fresh failed to tender payment upon demand. Therefore, plaintiff has established that it is a PACA trust beneficiary for the amount of the invoices, $326,324.25, plus attorney fees and interest accruing at a rate of 1.5% per month on past due invoices. (Doc. #75-3.) Default judgment will be granted as to Count I.

As to Count II, plaintiff alleges a breach of contract for Florida Fresh's failure to pay for the accepted produce as contracted for with plaintiff. Plaintiff seeks the outstanding amount of the invoices, $326,324.25. Plaintiff has established the existence of a valid contract, that Florida Fresh breached the contract by failing to pay for the produce, and that plaintiff suffered damages as a consequence of non-payment. Havens v. Coast Florida, P.A., 117 So. 3d 1179, 1181 (Fla. 2d DCA 2013). Default judgment will be granted as to Count II.

**Count III (Maria and Jose Rodriguez)**

Plaintiff alleges that Maria Rodriguez and Jose Rodriguez each owed a statutory fiduciary duty to plaintiff to ensure that Florida Fresh maintained and preserved sufficient PACA trust assets to pay all trust beneficiaries, and that Maria and Jose Rodriguez breached this fiduciary duty. (Doc. #48, ¶ 21.) Between February 2016 and December 2017, $375,966.68 in cash was withdrawn from the accounts of Florida Fresh, $95,326.19 of which was withdrawn in the last quarter of 2017 just before the suit was filed. (Doc. #75-4, ¶ 10a.) Between February 9 and December 5, 2017, Florida Fresh transferred a total of $117,449 in PACA trust assets to Jose Rodriguez. (Id., ¶ 10b.) Between February 2016 and June 2017, Florida Fresh transferred a total of $4,600 in PACA trust assets to Maria Rodriguez. (Id., ¶ 10c.) Maria Rodriguez

was the sole signatory on Florida Fresh's bank account and signed all the issued checks. (Id., ¶ 11.)

"The extension of liability to those in control of the trust assets is reasonable and necessary in order to enforce the goals of Congress in establishing the statutory trust. If liability were limited to corporate dealers, the intent of the federal statute to protect consumers and sellers of produce would be easily frustrated." Red's Mkt. v. Cape Canaveral Cruise Line, Inc., 181 F. Supp. 2d 1339, 1343 (M.D. Fla.), aff'd sub nom. Red's Mkt. v. Caps Canaveral, 48 F. App'x 328 (11th Cir. 2002).

Plaintiff asserts a legal conclusion that Jose Rodriguez was in a position to control the PACA trust assets and breached the fiduciary duty that was owed to maintain the assets, but these are not facts. Plaintiff does not allege what position he held, or the factual basis to prove that Jose Rodriguez was in a position to owe the duty. Maria Rodriguez, however, is alleged to a be the sole officer and sole signatory on the bank account that transferred trust assets. The motion for default judgment against Maria and Jose Rodriguez will be granted as to Maria Rodriguez only as to Count III.

**Count IV (Maria, Jose, and Serafin Rodriguez, S&A Enterprises, Immokalee Produce, Immokalee Holdings, Yojaira Rodriguez and Gabriel Almonte)**

Plaintiff alleges conversion and the unlawful retention of PACA trust assets based on defendants' receipt of trust assets

from Florida Fresh. Plaintiff seeks to disgorge any PACA trust assets in possession or control of any of these defendants. As previously noted, a total of $375,966.68 in cash was withdrawn from the accounts of Florida Fresh. (Doc. #75-4, ¶ 10a.) Between February and December 2017, Florida Fresh transferred trust assets in the amount of $117,449 to Jose Rodriguez, issued checks totaling $16,578 to Yojaira Rodriguez, the wife of Jose Rodriguez, and trust assets totaling $84,135 to a family friend, Gabriel Almonte. (Id., ¶ 10 b, d, e.) Between February 2016 and June 2017, Florida Fresh transferred trust assets in the amount of $4,600 to Maria Rodriguez. (Id., ¶ 10c.) Between March and December 2017, Florida Fresh transferred $11,296 in trust assets to Serafin Rodriguez. (Id., ¶ 10f.) Between August 2016 and November 2018, Florida Fresh transferred $79,730 to Immokalee Produce. (Id., ¶ 10g.) The identified transfers total $313,788.00. It is on information and belief that the transferred assets were otherwise used to "subsidize the lifestyles of Defendants Maria, Serafin and Jose Rodriguez to pay the mortgage and other expenses related to the real property. . . ." (Id., ¶ 10a.) The remaining withdrawals are summarized as cash withdrawals resulting in the total of $375,966.68. (Doc. #75-7.)

Conversion is an unauthorized act that deprives another of his or her property "permanently or for an indefinite time." Senfeld v. Bank of Nova Scotia Tr. Co. (Cayman) Ltd., 450 So. 2d

1157, 1161 (Fla. 3d DCA 1984). PACA "permits a PACA trust to exist as a nonsegregated floating trust that permitted commingling of assets." Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154, 159 (11th Cir. 1990). "[T]he trust beneficiary need not prove that it, and not another produce supplier, was the source of the produce or produce-related assets." Sanzone-Palmisano Co. v. M. Seaman Enters., Inc., 986 F.2d 1010, 1012 (6th Cir. 1993). However, the trust exists "for the benefit of all unpaid produce suppliers." Frio Ice, at 159. "[T]he burden is on the PACA debtor [ ] to show that the disputed payment is from a non-trust source." Six L's Packing Co. v. W. Des Moines State Bank, 967 F.2d 256, 258 (8th Cir. 1992).

In this case, defendants do not dispute receipt of the qualifying produce, or that trust assets were transferred to them rather than paid to PACA beneficiaries like plaintiff. The Declaration of Katy Koestner Esquivel establishes that Maria Rodriguez, Jose Rodriguez, Serafin Rodriguez, Yojaira Rodriguez and Gabriel Almonte received funds from the commingled account of Florida Fresh. (Doc. #75-4, ¶ 10.) It is believed that Immokalee Holdings and S&A Enterprises also received a cash withdrawal, but an amount is not specified and could not be verified. (Id., ¶ 10a.) The Court finds that the defendants converted PACA trust assets for their own use. Default Judgment will be granted as to Count IV but only as to the defendants who specifically received

amounts from the trust assets: Jose Rodriguez, Yojaira Rodriguez, Gabriel Almonte, Maria Rodriguez, Serafin Rodriguez, and Immokalee Produce. Florida Fresh is not named as a defendant in Count IV, and the Court will deny the motion as to S&A Enterprises and Immokalee Holdings.

**Count VI (Maria, Jose, and Serafin Rodriguez)**

Plaintiff seeks to establish a constructive trust on residential property owned by defendants Serafin and Maria Rodriguez located at 1819 Tomaso Avenue, Lehigh Acres. Jose Rodriguez also lived at the property with his family. (Doc. #75-4, ¶ 12.) The financial records of Florida Fresh indicate at least $9,414 in PACA trust assets was used for improvement on the property. (Doc. #75-21.) The amount of the debt as of September 5, 2017, was $101,455.15, owed to the creditor Ham Real Estate Investments, Inc. (Doc. #75-18.) On March 28, 2018, a Final Judgment of Foreclosure was entered against defendants Maria and Serafin Rodriguez in the amount of $107,314.58. (Id., ¶ 14.) It is believed that that Maria Rodriguez and Serafin Rodriguez were able to satisfy the Final Judgment by using PACA trust assets. The Satisfaction and Release of Judgment and Lis Pendens (Doc. #75-20) reflects full payment and satisfaction of the judgment and a release of the lis pendens recorded in the official records.

"Under Florida law, a constructive trust 'arises through operation of law. Where one through fraud, abuse of confidence,

or other questionable means gains property which in equity or good conscience he should not be permitted to retain, equity will raise a constructive trust.'" In re Royal W. Props., Inc., 441 B.R. 158, 170 (Bankr. S.D. Fla. 2010) (citation omitted). "A confidential relationship must be established before a constructive trust will be raised." Claycomb v. Combs, 676 So. 2d 523, 524 (Fla. 2d DCA 1996) (citing Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 422 (1927)).

> Mere breach of contract or other wrongdoing does not entitle a plaintiff to a constructive trust on a defendant's general assets to be used to satisfy a plaintiff's claim. Indeed, it is well settled that Florida courts will impress property with a constructive trust only if the trust res is specific, identifiable property or if it can be clearly traced in assets of the defendant which are claimed by the party seeking such relief.

Finkelstein v. Se. Bank, N.A., 490 So. 2d 976, 983 (Fla. 4th DCA 1986).

Plaintiff identifies $9,414.32 in payments related to the real property, but this is but a small portion of the value of the property, and there is no indication of anything fraudulent with the foreclosure process or the resulting satisfaction of the mortgage. The Court finds that plaintiff is not entitled to a constructive trust on the property. A default judgment will be denied as to this Count.

**E. Attorney Fees, Pre-Judgment Interest, and Costs**

Plaintiff requests an award of contractual attorneys' fees and costs in the amount of $94,548.37. (Doc. #75-4, ¶¶ 21-22, 24.) Plaintiff also seeks prejudgment interest for the past due invoices at issue in this matter in the amount of $53,556.13 through October 3, 2018, the date of filing the motion for a default judgment, at a rate of 18% per annum. (Doc. #75-4, ¶ 23.)

Absent statutory authority or an enforceable contract, recovery of attorney fees by even a "prevailing party" is ordinarily not permitted under the "American Rule." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602 (2001). In this case, each invoice contained the following language: "If overdue accounts are referred to an attorney, you agree to pay our attorney's fees plus the costs of all legal action as an additional charge under the contract of sale covered by this invoice. Additionally, all interest and attorney's fees are sums owing in connection with the produce transaction." (Doc. #75-3.) The Eleventh Circuit has determined,

> Had Congress intended to limit PACA claims solely to the price of the commodities, it could have inserted language reflecting that limitation in 7 U.S.C. § 499e(c)(2). Instead, it chose to allow "*full payment of the sums owing in connection with [commodities] transactions.*" This unambiguously encompasses

> not only the price of commodities but also additional related expenses. Such related expenses include attorney fees and interest that buyers and sellers have bargained for in their contracts.

Country Best v. Christopher Ranch, LLC, 361 F.3d 629, 632 (11th Cir. 2004) (emphasis in original). Therefore, plaintiff has a contractual basis for the claim that is supported by a statutory authority under PACA. The Court finds that plaintiff is entitled to fees, costs, and prejudgment interest.

Counsel billed at an hourly rate of $350.00 per hour, and the "legal assistant" billed at her normal hourly rate of $100.00. The Court finds that both rates are reasonable. Counsel asserts that 342.90 hours were spent on the case, and the assistant spent 11.80 hours on the case. (Doc. #75-4, ¶¶ 19-21.) The hours include travel time, and clerical tasks not normally permitted to a prevailing party, however PACA's coverage is broader and the hours are otherwise reasonable. (Doc. #75-15.) The Court will permit the requested attorney's fees.

Plaintiff has calculated the accrued interest based on the number of days the invoice balance is overdue. (Doc. #75-16.) The Court will permit the $53,556.13 in prejudgment interest on top of the principal amount. The Court will also allow post-judgment interest.

The requested costs include the filing fee, service of process expenses, mediation fee, witness fees, court reporter fees, and

mileage.  All costs and expenses will be permitted under PACA and the contract for the $8,325.35.  (Doc. #75-17.)

Accordingly, it is hereby

**ORDERED:**

1. Counts V, VI, and VII of the Amended Complaint (Doc. #48) are **dismissed without prejudice.**

2. Plaintiff's Motion for Default Judgment (Doc. #75) is **GRANTED** as to Counts I and II, as to Count III as to defendant Maria Rodriguez only, and Count IV in part.  The motion is otherwise denied.

3. The Clerk shall enter judgment in favor of plaintiff as follows:

    A. As to Counts I and II against Florida Fresh Produce for the principal amount of $326,324.25, and prejudgment interest in the amount of $53,556.13, for a total amount of $474,400.73, plus taxable costs in the amount of $8,325.35, and attorneys' fees in the amount of $86,195.00;

    B. As to Count III against Maria Rodriguez only, for the principal amount of $326,324.25, and prejudgment interest in the amount of $53,556.13, for a total amount of $474,400.73, plus taxable costs in the amount of $8,325.35, and attorneys' fees in the amount of $86,195.00;

C. As to Count IV as to Jose Rodriguez in the amount of $117,449; as to Yojaira Rodriguez in the amount of $16,578; as to Gabriel Almonte in the amount of $84,135; as to Maria Rodriguez in the amount of $4,600; as to Serafin Rodriguez in the amount of $11,296; as to Immokalee Produce Center, LLC in the amount of $79,730;

D. Post-judgment interest shall continue to accrue on all damages at the applicable federal rate on all damages until paid; and

E. Dismissing Count III as to Jose Rodriguez, and dismissing Counts V, VI, and VII of the Amended Complaint without prejudice.

4. The Clerk shall terminate all deadlines and close the file. Plaintiff shall serve a copy of this Opinion and Order on defendants.

**DONE and ORDERED** at Fort Myers, Florida, this __7th__ day of February, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record